UNION CAMP CORP., HARCHEM DIVISION, APPELLANT, *v.* WHITMAN, DIR. OF ENVIRONMENTAL PROTECTION, APPELLEE.

[Cite as Union Camp Corp. v. Whitman (1975), 42 Ohio St. 2d 441.]

442

(No. 74-661—Decided June 11, 1975.)

*Messrs. Taft, Stettinius & Hollister, Mr. Robert T. Keeler, Mr. Robert W. Thomson* and *Mr. Thomas T. Terp,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. David E. Northrop,* for appellee.

HERBERT, J.  Initially, this case presents the question of whether the Court of Appeals was correct in dismissing

the appeal on the basis of *Fortner* v. *Thomas, supra* (22 Ohio St. 2d 13).

*Fortner* involved the availability of R. C. 119.11[1] as a means of appealing the adoption of regulations by the Ohio Liquor Control Commission to the Court of Common Pleas; that is, the right to judicial review by that court of quasi-legislative proceedings. In finding that no such right existed under the above statute, this court relied upon the language in Section 4(B) of Article IV of the Constitution of Ohio, which states:

"The Courts of Common Pleas and divisions thereof shall have * * * such powers of review of proceedings of administrative officers and agencies as may be provided by law."

In a prior case involving an appeal to the Supreme Court, in which practically identical constitutional language was concerned, the word "proceedings" was interpreted to contemplate only quasi-judicial proceedings (*Zangerle* v. *Evatt* [1942], 139 Ohio St. 563, 41 N. E. 2d 369). In light of that conclusion, the employment of the term "proceedings" in a subsequent constitutional amendment prescribing the jurisdiction of Courts of Common Pleas convinced this court that the framers of the amendment intended to maintain and extend the impact of the *Zangerle* decision. Hence, in *Fortner*, it was concluded that R. C. 119.11 could not provide appeals to the Court of Common Pleas from quasi-legislative proceedings of administrative officers and agencies. See, also, *M. J. Kelley Co.* v. *Cleve-*

---

[1] R. C. 119.11 has been declared unconstitutional. *Rankin-Thoman* v. *Caldwell* (1975), 42 Ohio St. 2d 436. At the time of *Fortner*, the statute provided, in part:

"Any person adversely affected by an order of an agency in adopting, amending, or rescinding a rule or in adopting, readopting, or continuing a rule, amendment, or rescission previously adopted as an emergency rule as provided in Section 119.03 of the Revised Code, may appeal to the Court of Common Pleas of Franklin County on the ground that said agency failed to comply with the law in adopting, amending, rescinding, publishing, or distributing said rule, or that the rule as adopted or amended by the agency is unreasonable or unlawful, or that the rescission of the rule was unreasonable or unlawful."

*land* (1972), 32 Ohio St. 2d 150, 290 N. E. 2d 562; *DeLong* v. *Board of Edn.* (1973), 36 Ohio St. 2d 62, 303 N. E. 2d 890; *Rankin-Thoman* v. *Caldwell, supra,* fn. 1. Cf. *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93, 296 N. E. 2d 261.

In the case at bar, appellant seeks an appeal from a decision of the Environmental Board of Review to the Court of Appeals pursuant to R. C. 3745.06.[2] Section 3(B)(2) of Article IV of the Constitution of Ohio states:

"Courts of Appeals shall have * * * such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders and actions of administrative officers or agencies."

Upon comparison of the above section with Section 4(B) of Article IV, construed in *Fortner,* and Section 2 of Article IV, interpreted in *Zangerle,* it is evident that the language in Section 3(B)(2) of Article IV reads far differently in relation to judicial review of administrative matters. Thus, the first paragraphs of the syllabi in *Fortner* and *Zangerle* have no application to the instant case.[3] Furthermore, the third paragraph of the *Fortner* syllabus[4] has been rendered academic by *Rankin-Thoman* (*supra,* fn. 1). Therefore, only the second paragraph of the syllabus in

[2]R. C. 3745.06 provides, in part:

"Any party adversely affected by an order of the Environmental Board of Review may appeal to the Court of Appeals of Franklin County, or, if the appeal arises from an alleged violation of a law or regulation, to the Court of Appeals of the district in which the violation was alleged to have occurred."

[3]Paragraph one of the syllabus in *Fortner* v. *Thomas* reads:

"The review of proceedings of administrative officers and agencies authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only."

The first paragraph of the syllabus in *Zangerle* v. *Evatt* similarly states:

"The revisory jurisdiction of the proceedings of administrative officers authorized by Section 2, Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only."

[4]Paragraph three of the *Fortner* v. *Thomas* syllabus announces:

"R. C. 119.11 may not be employed to obtain judicial review of quasi-legislative proceedings of administrative officers and agencies."

*Fortner* could logically be considered as a basis for the jurisdictional conclusion reached by the court below.[5]

The second paragraph of the *Fortner* syllabus sets forth a general statement of familiar judicial doctrine. It should not be taken as a sweeping eradication of the protection against significant bureaucratic abuse which is derived from judicial scrutiny of the activities of regulatory agencies. For example, see the syllabus in *Burger Brewing Co.* v. *Liquor Control Comm., supra.*

In the instant case, pregnant statutory language found in R. C. Chapter 3745 remains to be interpreted (at a time when it is properly before us), and the effect of Section 3(B)(2) of Article IV of the Constitution of Ohio upon the new statutes must be determined (which was not done below by virtue of the dismissal). We cannot properly settle these issues upon the record herein, except to announce our conclusion, necessary to a resolution of this appeal, that nothing in the decisions thus far announced by this court mandates the result reached by the Court of Appeals.

Appellant contends that it had a right to a *de novo* hearing before the Environmental Board of Review pursuant to R. C. 3745.05. That section, in pertinent part, states:

"In hearing the appeal, if an adjudication hearing was conducted by the Director of Environmental Protection in accordance with Sections 119.09 and 119.10 of the Revised Code, the board is confined to the record as certified to it by the director. * * * If no adjudication hearing was con-

---

[5]The second paragraph of the syllabus in *Fortner* v. *Thomas* states:

"Courts will not aid in making or revising rules of administrative officers, boards or commissions, being confined to deciding whether such rules are reasonable and lawful as applied to the facts of a particular justiciable case. (*Zangerle* v. *Evatt*, 139 Ohio St. 563, approved and followed.)"

This paragraph of the *Fortner* syllabus is a direct quote from the fifth paragraph of the syllabus in *Zangerle*. It should be recalled that *Zangerle* concerned an appeal to this court, *Fortner* involved an appeal to the Court of Common Pleas, and both cases turned upon the same constitutional phraseology.

ducted in accordance with Sections 119.09 and 119.10 of the Revised Code, the board shall conduct a hearing *de novo* on the appeal.''

On its face, R. C. 3745.05 requires the Environmental Board of Revew to conduct a hearing *de novo* in an appeal from an order of the Director of Environmental Protection, except where such order results from an adjudication hearing conducted by the director in accordance with R. C. 119.09 and 119.10.[6]

We note appellee's argument that the denial of the hearing *de novo* was not an appealable order, but that contention was not reached by the court below. Therefore, for the determination of that question, and the resolution of other issues consistent with this decision, the judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN, J., concurs in the syllabus and the judgment.

---

[6]It is not briefed or argued that appellant waived the conducting of such a hearing by the director.