CONLEY ET AL., APPELLANTS, *v.*
SHANK, DIR., ET AL., APPELLEES.

(Nos. 87AP-1068 and 87AP-1069—
Decided October 25, 1988.)

*Robert N. Conley,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James O. Payne, Jr.,* for appellee Richard L. Shank, Director of Ohio Environmental Protection Agency.

*Emens, Hurd, Kegler & Ritter, William J. Brown* and *Robert G. Schuler,* for appellee Blue Rock Disposal, Inc.

BOWMAN, J. This case is before the court on appeal from the Environmental Board of Review ("EBR"). In 1986, appellant Robert N. Conley filed three verified complaints with the Ohio Environmental Protection Agency ("Ohio EPA"), and appellant Norman W. Ramsey filed one verified complaint. On October 21, 1986, the Director of the Ohio EPA issued two final action letters dismissing all four complaints. On November 20, 1986, Conley and Ramsey filed a notice of appeal with the EBR. A formal hearing before the EBR was scheduled for October 20, 1987.

On October 6, 1987, the Director of the Ohio EPA filed a confession of error, admitting that there had been inadequate investigation of these four claims and requesting that the verified complaints submitted by Conley and Ramsey be remanded for proper investigation. Appellees filed a motion for a prehearing conference which was granted by the EBR. Appellants moved for the case to proceed to a *de novo* hearing while appellee urged an immediate remand based solely on the confession of error. On October 20, 1987, the EBR issued findings of fact and conclusions of law remanding the complaints and stating, in essence, that the director's decision was unlawful and unreasonable because it was made without the requisite investigation.

Appellants filed their notice of appeal to this court on November 16, 1987. On May 10, 1988, appellee Blue Rock Disposal, Inc. filed a motion to dismiss this appeal on the basis that the issues presented had become moot. During the pendency of this appeal, the director conducted an investigation pursuant to the order of the EBR. The director once again found no merit to the complaints and dismissed all four.

This decision was appealed to the EBR on February 4, 1988. A *de novo* hearing has apparently now been scheduled for November 1988.

The merits of appellants' appeal and appellee's motion to dismiss will be addressed together. Appellants have asserted the following assignment of error:

"It was error for the Environmental Board of Review (EBR) to not conduct a hearing *de novo* when the appeal before it was from a final action by the Director of the State of Ohio Environmental Protection Agency, which final action of the Director dismissed the Appellants' four Verified Complaints without the Director conducting an adjudication hearing."

Appellees argue that appellants lack standing to raise this appeal because they were not adversely affected by an order of the EBR. The basis of appellees' argument is that the proper remedy on appeal to the EBR was a remand with instructions to the director to conduct a proper investigation. That is precisely the action the board took. Appellees argue that, since appellants received the only remedy they were entitled to, they were not adversely affected by the order of the EBR and, as a result, lack standing.

The question of whether appellants were adversely affected by the action of the EBR goes to the merits of the assignment of error. The Ohio Supreme Court has held that denial by the EBR of a motion for a hearing *de novo* is a final appealable order. *Union Camp Corp.* v. *Whitman* (1978), 54 Ohio St. 2d 159, 8 O.O. 3d 155, 375 N.E. 2d 417. The denial of a motion for hearing *de novo* affects a substantial right which is protected by law. *Union Camp* (1978), *supra.* The substantial protected right is found in R.C. 3745. 05. The application of this statutory section is clear:

"On its face, R.C. 3745.05 requires the Environmental Board of Review to conduct a hearing *de novo* in an appeal from an order of the Director of Environmental Protection, except where such order results from an adjudication hearing conducted by the director in accordance with R.C. 119.09 and 119.10." *Union Camp Corp.* v. *Whitman* (1975), 42 Ohio St. 2d 441, 446, 71 O.O. 2d 414, 417, 329 N.E. 2d 690, 692-693.

The director in this case did not hold an adjudication hearing nor did the EBR follow the statutory mandate that in such cases it must hold a hearing *de novo*. Appellants were deprived of their statutory right, thus giving them standing to appeal to this court. This appeal is properly before the court to determine whether appellants have been adversely affected by the failure of the EBR.

In its motion to dismiss, appellee Blue Rock maintains that, since the complaints have been investigated and are not back before the EBR, the relief sought by appellants has become unnecessary, thereby making the appeal moot. We disagree. The issue in this case is whether the EBR can remand a case without holding a hearing *de novo*. Because this is an issue "capable of repetition, yet evading review," we find that the case is not moot. *Southern Pacific Terminal Co.* v. *Interstate Commerce Comm.* (1911), 219 U.S. 498, 515; *State, ex rel. Plain Dealer Publishing Co.,* v. *Barnes* (1988), 38 Ohio St. 3d 165, 166, 527 N.E. 2d 807, 809.

R.C. 3745.08(B) states in part:

"Upon receipt of a complaint authorized by this section, the director shall cause a prompt investigation to be conducted such as is reasonably necessary to determine whether a violation, as alleged, has occurred, is occurring, or will occur. The investigation shall include a discussion of the complaint with the alleged violator. If,

upon completion of the investigation, the director determines that a violation, as alleged, has occurred, is occurring, or will occur, he may enter such order as may be necessary, request the attorney general to commence appropriate legal proceedings, or, where he determines that prior violations have been terminated and that future violations of the same kind are unlikely to occur, he may dismiss the complaint. If the director does not determine that a violation, as alleged, has occurred, is occurring, or will occur, he shall dismiss the complaint. * * *"

R.C. 3745.05 sets forth the procedure to be followed in a hearing before the EBR. The statute provides in pertinent part:

"In hearing the appeal, if an adjudication hearing was conducted by the director of environmental protection in accordance with sections 119.09 and 119.10 of the Revised Code, the board is confined to the record as certified to it by the director. * * * If no adjudication hearing was conducted in accordance with sections 119.09 and 119.10 of the Revised Code, the board shall conduct a hearing de novo on the appeal."

The EBR is an administrative board and has only the power which is granted to it by the state legislature through the Ohio Revised Code. Ohio courts have found the Revised Code to state clearly that the *de novo* hearing is required in an appeal from a director's decision which was not the result of an adjudication hearing. *Union Camp* (1975), *supra.* Thus, the EBR was acting outside its granted authority when it held only a prehearing conference before remanding this case.

The EBR, in its findings of fact, found the director failed to hold the statutorily required investigation prior to dismissing the verified complaints and that, as a result, his actions were unreasonable and unlawful. The board remanded the matter to the director for a "complete and meaningful investigation."

R.C. 3745.05 provides in part:

"If, upon completion of the hearing, the board finds that the action appealed from was lawful and reasonable, it shall make a written order affirming the action[;] if the board finds that the action was unreasonable or unlawful, it shall make a written order vacating or modifying the action appealed from. * * *"

Thus, it would appear that even though the EBR failed to meet the mandatory requirement of holding a *de novo* hearing, it did properly exercise its authority to vacate or modify the order of the director and appellant is not adversely affected by the EBR's failure, in this instance, to comply with its statutory duty. While R.C. 3745.05 does require the EBR to hold a *de novo* hearing, it does not require that, as a result of that hearing, the EBR conduct the investigation required of the director or determine whether there were violations occurring. We cannot say the result in this case would have been any different had the required hearing been held. Pursuant to R.C. 3745.05, the EBR, even after holding the hearing, could still have vacated the order of the director and required him to conduct the necessary investigation. This is not to say, however, that this will be the result in every case where the EBR fails to hold a required hearing, or that this court will condone the EBR's failure to meet its statutory duty.

For the foregoing reasons, appellee's motion to dismiss is overruled, and appellants' assignment of error is not well-taken. The judgment of the Environmental Board of Review is affirmed.

*Judgment affirmed.*

BRYANT and BROWN, JJ., concur.

WILLIAM F. BROWN, J., retired, of the Coshocton County Court of Common Pleas, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.