**LICKING COUNTY CITIZENS FOR A SAFE ENVIRONMENT,**
et al., Appellants and Cross–Appellees,

v.

**Donald R. SCHREGARDUS, Director of Environmental Protection et al.,**
**Appellees; Buckeye Egg Farm, L.P., Appellee and Cross–Appellant.**

[Cite as *Licking Co. Citizens for a Safe Environment*
*v. Schregardus* (2000), 136 Ohio App.3d 645.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–24.

Decided Feb. 24, 2000.

**646**

---

*Richard C. Sahli,* for appellees Licking County Citizens for a Safe Environment et al.

*Deborah L. Kenney,* for appellee Board of Hartford Township Trustees.

*Betty D. Montgomery,* Attorney General, *Margaret A. Malone* and *Robert J. Schmidt,* Assistant Attorneys General, for appellee Director of Environmental Protection.

*Samuel and Northrop Co., L.P.A.*, and *David E. Northrop; Jones, Day, Reavis & Pogue*, and *J. Kevin Cogan*, for appellant Buckeye Egg Farm, L.P.

KENNEDY, Judge.

Appellant, Buckeye Egg Farm, L.P. ("Buckeye Egg"), appeals an order of the Environmental Review Appeals Commission ("ERAC") vacating and remanding to appellee, Director of Environmental Protection ("director"), a permit to install issued by the director.

Buckeye Egg applied for a permit to install seeking approval of its revised livestock waste management plan for its Croton Egg Farm facilities. The plan contains extensive provisions for the management of the chicken manure generated at the facilities. The plan also provides information regarding the construction of fourteen new buildings that would house more chickens at the Croton site.

At first, the director issued the permit; however, while the director's decision was being appealed by appellees, Licking County Citizens for a Safe Environment and Hartford Township Board of Trustees, the director filed a motion to remand the order issuing the permit. The director claimed that he erred in issuing the permit because he failed to determine whether Buckeye Egg's plan would comply with any applicable air pollution control laws or rules as required by Ohio Adm.Code 3745–31–05 and *Williams v. Schregardus* (1994), 96 Ohio App.3d 664, 645 N.E.2d 840.

Buckeye Egg filed a motion in opposition to the director's motion to remand. According to Buckeye Egg, the director's error was harmless because its plan is exempt from the air pollution control laws and rules. Buckeye Egg asserted that ERAC was required by statute to hold a *de novo* hearing to allow it an opportunity to prove the exemption and demonstrate that no remand was necessary.

ERAC issued a decision without holding a *de novo* hearing. ERAC acknowledged that the permit was unlawful because the director did not review the air laws to determine their applicability to the permit. Accordingly, ERAC remanded the permit to the director for a determination on whether the issuance of the permit is consistent with any applicable air regulations.

Appellant appeals, raising one assignment of error:

"The Environmental Review Appeals Commission erred when it granted the director of Environmental Protection's motion to vacate and remand a permit to install without first holding a hearing *de novo* to allow the permit applicant to present evidence that the error of the director in connection with granting the

permit was harmless, and thus not a proper basis to vacate the permit, and that the applicant was otherwise entitled to the permit."

In its assignment of error, Buckeye Egg asserts that we should reverse ERAC's decision remanding the permit to the director because ERAC did not hold a *de novo* hearing, which would have allowed the company to demonstrate that a remand was unnecessary because it is exempt from the air pollution laws and rules. We disagree.

We recognize that ERAC erred in not holding a *de novo* hearing before remanding the permit to the director. See R.C. 3745.05. However, we may affirm ERAC's decision to remand the permit if we conclude that Buckeye Egg is not harmed by ERAC's failure to hold a *de novo* hearing. See *Conley v. Shank* (1988), 54 Ohio App.3d 185, 186, 561 N.E.2d 1020; *Ohio Edison Co. v. Pub. Util. Comm.* (1992), 63 Ohio St.3d 555, 560, 589 N.E.2d 1292. An appealing party is not harmed by ERAC's failure to conduct a *de novo* hearing where the result of the case would not have been any different had the required hearing been held. *Conley*, at syllabus.

In this case, when the director submitted its motion for remand, the issue before ERAC was whether the director failed to fulfill his obligation of reviewing air regulations to determine their applicability to Buckeye Egg's plan. ERAC concluded that the director failed to fulfill this obligation. No parties, including Buckeye Egg, challenged this conclusion. As noted above, the director's decision is unlawful and unreasonable without any determination on whether Buckeye Egg's plan complies with any applicable air pollution laws or rules. See Ohio Adm.Code 3745–31–05; *Williams*, at 668, 645 N.E.2d at 842–843.

Based on the issue before ERAC, a *de novo* hearing would not have impacted this case. Such a hearing would have no bearing regarding the director's failure to fulfill its obligation of reviewing the applicability of air regulations on the plan. As such, we cannot say that the result in this case would have been different had the *de novo* hearing been held. Our decision is not impacted by ERAC's failure to hold a *de novo* hearing to make the initial determination on whether the air pollution laws and rules apply to Buckeye Egg's plan. The director, and not ERAC, is charged with making the initial determination on such issues.

R.C. 3745.01 gives the director authority to make initial decisions on environmental permitting issues. For purposes of making such decisions, the director has the authority to hire experts to collect and apply necessary technical information. R.C. 3745.01. ERAC was established to be a reviewing board and is authorized only to consider the reasonableness and the lawfulness of the director's actions. R.C. 3745.05. As a reviewing board, ERAC is not permitted to stand in the place of and substitute its judgment for that of the director.

*Citizens Commt. v. Williams* (1977), 56 Ohio App.2d 61, 10 O.O.3d 91, 381 N.E.2d 661, paragraph two of the syllabus.

We previously recognized the different roles between ERAC and the director in *Conley*, wherein two individuals filed complaints with the director. *Id.* The director then dismissed the complaints. *Id.* While the director's decision was on appeal before ERAC, the director filed a confession of error, requesting that the matter be remanded because of an inadequate investigation of the claims. *Id.* The individuals filing the complaints moved for the case to proceed to a *de novo* hearing before ERAC. *Id.* However, ERAC did not hold a *de novo* hearing and remanded the matter to the director upon concluding that the director's decision was unlawful and unreasonable because the proper investigations were not made. *Id.* We affirmed ERAC's decision and stated that, "while R.C. 3745.05 does require the [ERAC] to hold a *de novo* hearing, it does not require that, as a result of that hearing, the [ERAC] conduct the investigation required of the director or determine whether there were violations occurring." *Id.* at 187, 561 N.E.2d at 1022–1023.

Thus, we find no authority requiring ERAC to make the initial determination on whether air pollution rules and laws apply to Buckeye Egg's plan. Indeed, forcing ERAC to make the initial determination on whether the air pollution laws and rules apply to Buckeye Egg's plan would be in contravention of well established law prohibiting ERAC from standing in the place of the director, substituting its judgment for that of the director, and completing all necessary investigations required of the director.

Accordingly, we conclude that Buckeye Egg was not harmed by ERAC's failure to hold a *de novo* hearing prior to remanding the permit to the director. As such, we overrule Buckeye Egg's single assignment of error and affirm the order of ERAC.

*Order affirmed.*

BOWMAN, P.J., and LAZARUS, J., concur.