Union Camp Corp., Harchem Division, Appellant, *v.*
Whitman, Dir. of Environmental Protection, Appellee.

(No. 77-77—Decided May 3, 1978.)

*Messrs. Reed, Smith, Shaw & McClay* and *Mr. Robert W. Thomson,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. David E. Northrop,* for appellee.

LOCHER, J.   An appeal from an order of the board to the Court of Appeals for Franklin County is authorized by R. C. 3745.06, which provides, in part:

"Any party adversely affected by an order of the environmental board of review may appeal to the court of appeals of Franklin county * * *."

The General Assembly's assignment of jurisdiction in R. C. 3745.06, however, may not exceed the parameters set forth within Section 3(B)(2) of Article IV of the Ohio Constitution. Section 3(B)(2), as herein relevant, reads:

"Courts of appeals shall have * * * such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse *final orders or actions* of administrative officers or agencies." (Emphasis added.)

It is apparent, therefore, that the orders of the board made appealable by R. C. 3745.06 must be "final orders or actions." Thus, whether Union Camp may appeal from the board's denial of its motion for a hearing *de novo*, is dependent upon whether the denial was a final order.

As herein relevant, R. C. 2505.02 defines a "final order" as* "[a]n order affecting a substantial right * * * made in a special proceeding * * *." Thus crucial to the propriety of this appeal is the determination of whether a "substantial right" of Union Camp has been affected by the denial of its motion for a hearing *de novo*. Ohio case law has been consistent in its definition of a "substantial right":

"* * * A substantial right involves the idea of a legal right, one which is protected by law. * * *" *Armstrong v. Herancourt Brewing Co.* (1895), 53 Ohio St. 467, 480. See, also, *William Watson & Co.* v. *Sullivan* (1855), 5 Ohio St. 42; *North* v. *Smith* (1906), 73 Ohio St. 247; *In re Estate of Wyckoff* (1957), 166 Ohio St. 354; and *State* v. *Collins* (1970), 24 Ohio St. 2d 107.

---

*The director does not dispute Union Camp's characterization of the proceeding before the board as a "special proceeding." R. C. 2505.02. No precise definition of "special proceeding" appears to have been attempted as illustrated by the statement in *State* v. *Collins* (1970), 24 Ohio St. 2d 107, 109, that "[w]hile most modern courts have been less than precise in defining 'special proceeding' and some encyclopedias appear to say only that 'if it isn't ordinary it is special.'"

However, after considering myriads of Ohio cases characterizing various proceedings as "special proceedings" and the distinction between "actions" and "special proceedings" posited by Judge Zimmerman in *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 357, that "* * * the term, 'civil action,' as used in our statutes embraces those actions which * * * were denoted as actions at law or suits in equity; and that other court proceedings of a civil nature come, generally at least, within the classification of special proceedings," it is apparent that the instant proceeding before the board was a special proceeding within the meaning of R. C. 2505.02.

In resolving the question of whether an order suppressing evidence was an "order affecting a substantial right," Justice Herbert, at pages 109 and 110, in *State v. Collins, supra,* reasoned:

"* * * The record herein leaves no doubt that this was such an order. The appellant represented in oral argument that the deprivation of the use of the evidence suppressed below rendered it virtually impossible for the state to obtain a conviction, and that without that evidence the prosecution would be terminated. Society has a most substantial right to the diligent prosecution of those accused of crime, and where prosecution is irretrievably foreclosed through the suppression of evidence, that right is clearly and adversely affected."

As in *State v. Collins, supra,* there is no doubt that the board's denial of a hearing *de novo* in the present cause was an "order affecting a substantial right." The existence of Union Camp's legal right to a hearing *de novo* before the board, pursuant to R. C. 3745.05, was clearly established by the court's prior decision in this extended controversy. *Union Corp.* v. *Whitman, supra* (42 Ohio St. 2d 441). The deprivation of a hearing *de novo* in contravention of R. C. 3745.05 foreclosed Union Camp's only opportunity to refute the director's case in support of his regulations by presenting witnesses and other evidence and by cross-examining the director's witnesses. The right to a hearing generally is a basic right, and, where it is withheld, that right is clearly and substantially affected. Nor is that right any less affected as urged by the director because of the existence of an adequate appellate remedy at the close of the administrative proceeding. In *Morris, Supt. of Ins.,* v. *Investment Life Ins. Co.* (1966), 6 Ohio St. 2d 185, 188, the court effectively dismissed as immaterial the existence of an adequate appellate remedy in its determination that an order denying intervention to a stockholder in a conservatorship proceeding was an order affecting a substantial right in a special proceeding. Accordingly, we find that the board's denial of

the motion for a hearing *de novo* was a final appealable order.

The second rationale advanced by the Court of Appeals for its dismissal of this cause was based upon its interpretation of Section 3(B)(2) of Article IV of the Ohio Constitution as limiting the appellate jurisdiction of the Courts of Appeals to the review of final administrative orders entered in quasi-judicial proceedings. This interpretation was rejected in *Williams* v. *Akron* (1978), 54 Ohio St. 2d 136, wherein this court held that an appeal to the Court of Appeals for Franklin County, pursuant to R. C. 3745.06, from the final order of the board, issued upon appeal of the rule-making actions of the director, is within the appellate jurisdiction of the Court of Appeals for Franklin County where a justiciable case and controversy exist between adverse parties.

Therefore, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

W. Brown, P. Brown and Sweeney, JJ., concur.
Celebrezze, J., concurs in the judgment.
O'Neill, C. J., and Herbert, J., dissent.

Herbert, J., dissenting. I do not agree that this was a "special proceeding," as that term appears in R. C. 2505.02. Although I concurred with *Williams* v. *Akron* (54 Ohio St. 2d 136), I doubt the wisdom of declaring appealable all interlocutory orders affecting substantial rights in matters before this administrative agency. Furthermore, the majority opinion does not indicate that any difference exists between this agency and all other such tribunals in the state.

O'Neill, C. J., concurs in the foregoing dissenting opinion.