WELLS, APPELLANT, *v.* DUTTA, APPELLEE.

(No. 549—Decided December 2, 1987.)

*Wolske & Blue, Walter J. Wolske, Jr., John S. DeLibera* and *Warren M. Enders,* for appellant.

*Porter, Wright, Morris & Arthur, John E. Haller* and *William M. Todd,* for appellee.

STEPHENSON, J. This is an appeal from an order of the Jackson County Court of Common Pleas setting aside the arbitration award of Richard R. Wells, plaintiff below and appellant herein, against Dr. Nirmal K. Dutta, defendant below and appellee herein.

Appellant assigns the following error:

"It was prejudicial and reversible error for the trial court to order that the award entered by the arbitrators in this matter be set aside."

Appellant, Richard Wells, brought a medical malpractice action against appellee, Nirmal K. Dutta, M.D. Pursuant to R.C. 2711.21, the parties presented evidence to a panel of three arbiters. A majority of the arbiters decided to render a judgment and award for $691,341.27 in favor of Wells. Prior to the start of trial, however, the trial court considered Dutta's motion to exclude the decision of the arbitration board. The court set aside the arbitration award for the following reasons:

"Following the original agreement to submit to the arbitration, the parties had not reported the names of the arbitrators to the Court for several months. On April of 1985, another request was made and the court ordered that the arbitrators be appointed by May 12, 1985. After the appointment, the arbitrators did not have a hearing until December 14, 1985. One Richard S. Lovering had been appointed as one of the arbitrators. Following the hearing, and before the award, plaintiff had advised the court he wished to protest the appointment of Richard S. Lovering. Also, in February of 1986, the defendant filed a motion to stay the arbitration for the reason of misconduct of [another] arbitrator [not Richard S. Lovering]. Following this sequence of events, apparently the arbitration decision was issued some time in the summer of 1986 but the same was never filed with the court until plaintiff presented it the day of trial. The court feels that, under the foregoing circumstances, the arbitration award was unduly delayed and is also tainted by the proceedings thereunder, and the same is hereby set aside."

Dutta filed a motion to dismiss this appeal claiming that this court is without subject matter jurisdiction to hear this appeal because the trial court's ruling was not a final appealable order. Thus, we must decide whether a trial court's ruling setting aside an arbitration award is, in a case not yet tried, a final appealable order.

Section 3(B)(2), Article IV of the Ohio Constitution provides, in pertinent part, as follows:

"Courts of appeals shall have such

jurisdiction as may be provided by law to review and affirm, modify, or reverse *judgments or final orders* of the courts of record inferior to the court of appeals * * *." (Emphasis added.)

Accordingly, this court's jurisdiction is constitutionally limited to review only final orders. See, *e.g.*, *Union Camp Corp.* v. *Whitman* (1978), 54 Ohio St. 2d 159, 8 O.O. 3d 155, 375 N.E. 2d 417. R.C. 2505.02, in the part here pertinent, reads as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment, or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

Thus, Ohio's statutory definition of "final order" provides essentially three distinct categories of final appealable orders:

1. an order affecting a substantial right in an action which in effect determines the action and prevents a judgment;

2. an order affecting a substantial right made in a special proceeding or made in a summary application after judgment;

3. an order vacating or setting aside a judgment and ordering a new trial. See, *e.g.*, *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452; *Southern Ohio Coal Co.* v. *Div. of Reclamation* (June 7, 1985), Meigs App. No. 350, unreported.

Manifestly, the third category of final orders is not applicable herein. Accordingly, a determination must be made as to whether either of the first two categories applies. R.C. 2711.21 (A) provides as follows:

"Upon the filing of any medical claim as defined in division (D)(3) of section 2305.11 of the Revised Code, the controversy shall be submitted to an arbitration board consisting of three arbitrators to be named by the court. The arbitration board shall consist of one person designated by the plaintiff or plaintiffs, one person designated by the defendant or defendants, and a person designated by the court. The person designated by the court shall serve as the chairman of the board. Each member of the board shall receive a reasonable compensation based on the extent and duration of actual service rendered, and paid in equal proportions by the parties in interest. In a claim accompanied by a poverty affidavit, the cost of the arbitration shall be borne by the court."

The decision of the arbitration board in medical malpractice cases may be submitted as evidence at trial pursuant to R.C. 2711.21(C). Assuming, *arguendo*, that a trial court decision on a motion to exclude evidence of an arbitration decision affects a substantial right of the parties, it must be determined whether the order "in effect determines the action and prevents a judgment" or whether the order was made in a "special proceeding."

However, the Tenth District Court of Appeals has held that a trial court order on a motion to exclude evidence of an arbitration decision pursuant to R.C. 2711.21(C) does not constitute a final appealable order. *Chambers* v. *Murphey* (June 16, 1981), Franklin App. No. 81AP-404, unreported. See, also, *Flockenzier* v. *Riverside Methodist Hosp.* (Aug. 1, 1978), Franklin App. No. 78AP-203, unreported.

In *Chambers, supra*, at 3, the court stated as follows:

"Furthermore, neither the action of the trial court in submitting the case to arbitration, *nor its overruling of*

*plaintiff's motion to set aside the arbitration procedures,* amounts to an order which determines the action and prevents a judgment. R.C. 2505.02. * * *'' (Emphasis added.)

The arbitrators' decision pursuant to R.C. 2711.21, if admitted at trial at all, is just one facet of an adversarial proceeding where each party may, as in any other proceeding, introduce any admissible evidence by way of witnesses' testimony and exhibits. *Beatty* v. *Akron City Hosp.* (1981), 67 Ohio St. 2d 483, 487, 21 O.O. 3d 302, 304, 424 N.E. 2d 586, 589. The submission of such decision only provides additional evidence to be considered by the jury and, thus, the arbitration panel does not decide the case, the jury remaining the final arbiter of all the factual issues presented. *Beatty, supra,* at 490, 21 O.O. 3d at 306, 424 N.E. 2d at 591. Pursuant to *Beatty,* the trial court order herein granting appellee's motion to exclude evidence of the arbitrators' decision was not a "final order" pursuant to the first category of R.C. 2505.02 in that such order neither "determines the action" nor "prevents a judgment."

Accordingly, the final determination must be made with respect to the second category of final orders specified in R.C. 2505.02: an order affecting a substantial right made in a special proceeding. In *Russell* v. *Mercy Hospital* (1984), 15 Ohio St. 3d 37, 39, 15 OBR 136, 138, 472 N.E. 2d 695, 697, the court stated the following:

"* * * This court, in *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253 [21 O.O. 3d 158], first noted that modern courts have been less than precise in defining 'special proceeding,' and then held at 258 that '* * * whether an order is made in a special proceeding is resolved through a balancing test * * * [which] weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after judgment is not practicable.' * * *''

We are not persuaded that an appeal after judgment, which has consistently been the time appeal is sought in such cases, see, *e.g., Beatty, supra; Stratso* v. *Song* (1984), 17 Ohio App. 3d 39, 17 OBR 93, 477 N.E. 2d 1176, is necessarily impracticable or that any harm outweighs the consequent waste of judicial resources resulting from the allowance of an appeal such as to render the order herein one that is made in a "special proceeding."

R.C. 2711.15 provides that an appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding. The arbitration proceedings specified in R.C. 2711.21 "shall be conducted in accordance with sections 2711.06 to 2711.16 of the Revised Code *insofar as they are applicable.*" (Emphasis added.) R.C. 2711.21(B); *Stratso, supra.* Where the arbitration decision herein is, pursuant to R.C. 2711.21(C), ultimately nonbinding and merely a possible additional piece of evidence before the ultimate trier of fact, R.C. 2711.15 is inapplicable. Such holding does not eviscerate the legislative intent but, rather, furthers such intent by applying the plain language of R.C. 2711.21. Accordingly, appellee's motion to dismiss is granted. In light of the foregoing, in that this case will be retried, the first trial having ended in a mistrial on the second day of trial, the order excluding the arbitrators' award is interlocutory and subject to revision by the trial court and the instant appeal is dismissed.

*Judgment accordingly.*

ABELE, J., concurs.

GREY, P.J., dissents.

108

GREY, P.J., dissenting. I respectfully dissent, though I must concede I am not fully convinced the position taken by the majority opinion is wrong.

My dissent is based on two considerations. The primary consideration is the intent of the legislature in enacting R.C. 2711.21, and the secondary consideration is my recollection of what it is like to try a case.

The purpose of R.C. 2711.21 is to simplify the malpractice process by having the parties submit the dispute to arbitration. Under Ohio's Constitution the parties cannot be forced into binding arbitration, so the legislature adopted a procedure whereby the arbitrators' award would be admitted at trial, R.C. 2711.21(C). One might perceive of this as an incentive, or a sanction, but one must perceive of it as the "teeth" of the statute.

The malpractice arbitration proceeding is, in my opinion, a special proceeding. The award is like other orders found to be final reviewable orders arising from special proceedings, *e.g.,* pretrial proceedings with respect to a motion to suppress evidence in a criminal case, *State* v. *Collins* (1970), 24 Ohio St. 2d 107, 53 O.O. 2d 302, 265 N.E. 2d 261; an order in a criminal case overruling a motion to suppress evidence in a criminal case, *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 15 O.O. 3d 262, 400 N.E. 2d 897; a denial of a motion for a hearing *de novo* by the Environmental Board of Review issued upon appeal of the rule-making actions of the Director of Environmental Protection, *Union Camp Corp.* v. *Whitman* (1978), 54 Ohio St. 2d 159, 8 O.O. 3d 155, 375 N.E. 2d 417; and an order of a trial court, pursuant to Civ. R. 23(C)(1), determining that an action may be maintained as a class action, *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452. Like the ones above, a trial court's order setting aside the arbitration award is a final reviewable order arising from the special arbitration proceedings.

The rule I am suggesting has problems. If this court holds that an R.C. 2711.21 arbitration decision is a special proceeding, and hence appealable, we can expect that almost every case will be appealed at the post-arbitration, pre-trial level. An order *confirming* or *vacating* an arbitration award is appealable. R.C. 2711.15. On the other hand, the legislature intended that arbitration be used to limit trials in medical malpractice cases by giving the winning party in arbitration an enormously powerful tool in prosecuting or defending a case. If we hold it is not appealable, it may save the courts of appeals some work, but it will gut the legislative intent of protecting people from expensive trials.

The legislative intent is clear. Medical malpractice claims are to first be arbitrated, and if one party will not accept that decision, the legislature intended that he be penalized by having the award admitted against him at trial.

The arbitrators' award is an exceedingly powerful piece in trial counsel's arsenal. If the arbitrators' award is for a large amount in damages, as here, or if the arbitrators rule in favor of the physician, counsel for the party who has already won at arbitration is going to want to have that information made available to the jury. The right to use this at trial is, to anyone who has ever tried a malpractice case, a substantial right, one that is as determinative as others considered to be appealable. It is not, as the majority characterizes it, mere evidence.

A trial court's ruling on the admission of the arbitrators' award in a malpractice case can only be either right or wrong. If right, no one is harmed. If wrong, one party is denied the protection of a statute designed to simplify a malpractice case, and in-

stead must submit to two trials and an appeal. I cannot believe this is what the legislature intended, particularly since R.C. 2711.21(B) says:

"The arbitration proceedings shall be conducted in accordance with sections 2711.06 to 2711.16 of the Revised Code insofar as they are applicable."

Furthermore, R.C. 2711.15 says:

"An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."

I am aware of the unreported cases cited by the majority, and while they do hold these are not final orders, they do not say why these R.C. 2711.21 arbitrations are not special proceedings. In a way, the medical malpractice arbitration is unique. In ordinary arbitration, the plaintiff gets money damages, or the defendant gets an award in his favor, so we tend to think of an arbitration award in terms of money only. Perhaps we should rethink our ideas about this kind of arbitration. Since an R.C. 2711.21 award is not binding, what is won by the party prevailing at arbitration? I suggest that the only thing won is a piece of evidence almost as valuable as a verdict itself. If a court sets aside an ordinary arbitration award, that is appealable, R.C. 2711.15. So if a court sets aside an arbitrator's award allowing the only thing that can be won in an R.C. 2711.21 proceeding, that too should be appealable. If it is not, arbitration in medical malpractice cases under R.C. 2711.21 is only a useless ritual.

Thus, I dissent.