BAY WEST PAPER CORPORATION, Appellant,

v.

SCHREGARDUS, Dir. of Environmental Protection, Appellee.

[Cite as *Bay W. Paper Corp. v. Schregardus* (2000), 137 Ohio App.3d 685.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–767.

Decided May 23, 2000.

*Thompson, Hine & Flory, L.L.P., J. Wray Blattner* and *Christopher A. Walker*, for appellant.

*Betty D. Montgomery*, Attorney General, *Andrew S. Bergman* and *Robert J. Karl*, Assistant Attorneys General, for appellee.

PETREE, Judge.

Appellant, Bay West Paper Corporation, is a paper mill that operates a manufacturing facility located in Middletown, Ohio. In 1994, appellee, the Ohio

Environmental Protection Agency, issued a National Pollutant Discharge Elimination System ("NPDES") permit allowing appellant to discharge industrial waste into the Miami River. Appellant's permit contained what is known as a five-day biochemical oxygen demand ("$BOD_5$") effluent limitation. The $BOD_5$ effluent limit in appellant's NPDES permit is designed to maintain a 5.0 ml/l dissolved oxygen concentration in the Miami River. That, in turn, helps to ensure water quality in the river by limiting the amount of oxygen consumed by biological organisms that break down organic matter discharged by the appellant.

Appellant's permit was reviewed by the appellee in 1997. Although appellant requested an increase in the allowable $BOD_5$ limitation, appellee ultimately reissued appellant's permit refusing the requested increase. On November 12, 1997, appellant brought the matter before the Ohio Environmental Review Appeals Commission ("Appeals Commission"). Appellant raised two assignments of error before the Appeals Commission. The first assignment of error alleged that the appellee unlawfully refused to increase the $BOD_5$ limitation set forth in appellant's 1994 NPDES permit. The second assignment of error alleged that the appellee unlawfully reduced the ammonia limitation set forth in the permit without granting a concomitant increase in the $BOD_5$ limitation.

A joint stipulation of fact was submitted to the Appeals Commission on July 31, 1998. On September 21, 1998, appellant and appellee filed cross-motions for partial summary disposition as to appellant's first assignment of error. Both parties argued that appellant's first assignment of error presented no genuine issue of material fact, and, on that basis, requested the Appeals Commission to issue a ruling on appellant's first assignment of error as a matter of law.

On June 3, 1999, the Appeals Commission issued a ruling on appellant's first assignment of error, expressly noting that it was "the only Assignment in question in the motions pending" before the Appeals Commission. From that decision, appellant raises the following two assignments of error:

"[I.] The Environmental Review Appeals Commission's denial of partial summary disposition to Bay West Paper Corporation is not in accordance with law and is not supported by reliable, probative, and substantial evidence, because the Commission erroneously determined that an antidegredation review is required prior to increasing Biochemical Oxygen Demand Limitations in Bay West's NPDES permit.

"[II.] The Environmental Review Appeals Commission's grant of partial summary disposition to Ohio EPA is not in accordance with law and is not supported by reliable, probative, and substantial evidence, because the Commission erroneously determined that an antidegredation review is required prior to increasing Biochemical Oxygen Demand Limitations in Bay West's NPDES permit."

■ At oral argument, this court inquired whether the partial summary judgment rendered by the Appeals Commission was properly certified as a final appealable order. Pursuant to Section 6, Article IV of the Ohio Constitution, this court has jurisdiction to consider appeals only from final appealable orders. R.C. 3745.06 provides that any party adversely affected by an order of the Environmental Review Appeals Commission may appeal to this court. However, in *Union Camp Corp. v. Whitman* (1978), 54 Ohio St.2d 159, 8 O.O.3d 155, 375 N.E.2d 417, the Ohio Supreme Court held that an appeal taken from what is now the Environmental Review Appeals Commission must qualify as a final appealable order pursuant to R.C. 2505.02. R.C. 2505.02 provides in part:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"* * *

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * * [.]"

Appellant argues that the ruling from which it appeals is a ruling that affects a "substantial right" that was rendered as a result of a "special proceeding." R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." See, also, *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 430, 619 N.E.2d 412, 414. A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

■ In *Union Camp, supra,* the Ohio Supreme Court held that a proceeding before the Appeals Commission is a special proceeding within the meaning of R.C. 2505.02. *Id.* at 161, 8 O.O.3d at 156–157, 375 N.E.2d at 419. However, even if we were to accept the appellant's argument that the appellee violated appellant's substantial right to receive an "NPDES permit without unlawful or unreasonable administrative constraints," an order of a court or tribunal is a final appealable order only if the requirements of both R.C. 2505.02 and Civ.R. 54(B) are met. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. Civ.R. 54(B) provides:

"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay,

any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Civ.R. 54(B) applies where more than one claim for relief has been presented but where "final" judgment has been rendered upon fewer than all of the claims. Civ.R. 54(B) attempts to make a reasonable accommodation between "piece meal" litigation, and the inequity sometimes created when an appeal is delayed until all issues in an action have been determined. *Shively v. Shively* (Sept. 22, 1994), Franklin App.No. 94APF02–249, unreported, 1994 WL 521184. The rule also attempts to ensure that the parties to an action know when an order has become final and therefore appealable. To this end, the use of the words "there is no just reason for delay" in an entry is mandatory under Civ.R. 54(B). *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, 1384–1385. Accordingly, unless those words appear, the order is subject to modification and is neither final nor appealable. *Id.*

In this case, appellant presented two separate assignments of error to the Appeals Commission. As noted, the first assignment challenged the appellee's refusal to increase the $BOD_5$ limitation contained in appellant's NPDES permit, while the second challenged the appellee's decision to reduce the amount of ammonia discharged by the appellant. At both parties' request, the Appeals Commission rendered judgment on appellant's first assignment of error only. This was reflected in the Appeals Commission's order, which expressly stated that it applied to appellant's first assignment of error only. Having reviewed the claims presented, in addition to the Appeals Commission's partial disposition, which contains no finding that there is no just reason for delay, we find that appellant fails to bring this matter from a final appealable order. We, therefore, need not reach nor analyze whether or not the decision of the Appeals Commission affects a substantial right. Accordingly, for the reasons stated above, this court is without jurisdiction to consider this appeal. Appellant's appeal is therefore dismissed.

*Appeal dismissed.*

Peggy Bryant and Tyack, JJ., concur.

Peggy Bryant, Judge, concurring.

While I agree with the majority outcome, I do so because the decision of the Appeals Commission does not affect a substantial right.

In applicable part, R.C. 2505.02 provides that an order is final when it is made in a special proceeding and affects a substantial right. R.C. 2505.02(B). A substantial right is a "legal right entitled to enforcement and protection by law[.]" *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 358, 2 O.O.2d 257, 260, 142 N.E.2d 660, 664. An order affects a substantial right "only if, in the absence of an immediate appeal, [the order] forecloses appropriate relief in the future[.]" *Kelm v. Kelm* (1994), 93 Ohio App.3d 686, 691, 639 N.E.2d 842, 845, citing *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 183–184. For an order to affect a substantial right, appellant must, as a threshold matter, establish that the right may not be vindicated on appeal after final judgment. *Galloway v. Galloway* (May 20, 1999), Franklin App. No. 98AP–1007, unreported, 1999 WL 356282. "A substantial right is not affected merely because an order has the immediate effect of restricting or limiting that right. Rather, a substantial right is affected when there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right." *State v. Chalender* (1994), 99 Ohio App.3d 4, 7, 649 N.E.2d 1254, 1256.

The substantial right appellant claims is being affected, receiving an NPDES permit without unlawful or unreasonable administrative constraints, can be vindicated on appeal after a final judgment. The Appeals Commission's decision below denied only appellant's request to increase the $BOD_5$ limitation in its NPDES permit without addressing the reduction of the ammonia limitation in the same permit. The limitation-increase refusal can be appealed after a final decision is rendered as to both of appellant's claimed errors involving the NPDES permit, and appropriate relief may be provided on appeal. If error is found, this court may then remand the matter with instructions to the Appeals Commission to increase the limitation or otherwise modify the permit.

Because appellant's asserted right may be vindicated on appeal after a final judgment, appellant has not demonstrated that a substantial right has been affected by the Appeals Commission's decision. Given the foregoing, the Appeals Commission's decision is not final and appealable. Because appellant's appeal is not taken from a final and appealable order, I would dismiss the appeal.