OPINION
On April 5, 1999, Timothy A. Shimko re-filed a complaint in the Franklin County Court of Common Pleas against Thomas G. Lobe, the Cleveland Bar Association ("CBA"), the Ohio State Bar Association ("OSBA"), John Riccota, Patrick Holland, Robert Neumann and Eric Nickerson. As to the procedural background of the case, prior to the filing of this complaint Mr. Shimko had filed a similar complaint in February 1996, also with the Franklin County Court of Common Pleas, against Mr. Lobe, the CBA and the OSBA. The 1996 complaint, as well as the current complaint, arose out of several fee disputes between Mr. Shimko and Mr. Lobe, both practicing attorneys. In September 1995, Mr. Lobe requested the CBA set the fee disputes for binding arbitration pursuant to Ohio Code of Professional Responsibility Disciplinary Rule 2-107(B) [hereinafter "DR 2-107(B)"]. The CBA informed the parties that it had accepted jurisdiction over part of the disputes.
Mr. Shimko thereafter filed the 1996 complaint, seeking a declaration that DR 2-107(B) was unconstitutional on various grounds, including due process, equal protection and the right to a jury trial under the United States and Ohio Constitutions. Summary judgment was granted against Mr. Shimko on all of his claims. Mr. Shimko appealed to this court. We affirmed the trial court's granting of summary judgment on the claims relating to due process, equal protection, and impairment of contract rights. However, this court reversed the granting of summary judgment against Mr. Shimko on his claim that DR 2-107(B) violated the right to a jury trial. We determined that a right to a jury trial may be waived but that the reasonableness of DR 2-107(B) must be determined. The trial court had made no finding as to this issue; therefore, we remanded the matter to the trial court for a hearing to determine the reasonableness of DR 2-107(B) in its elimination of Mr. Shimko's right to a jury trial.
Mr. Shimko appealed to the Supreme Court of Ohio; however, such appeal was dismissed sua sponte for failure to prosecute.
Upon remand to the trial court, Mr. Shimko voluntarily dismissed the action. As indicated above, Mr. Shimko re-filed the complaint on April 5, 1999. The instant case involves the same parties, with the addition of Mr. Riccota, Mr. Holland, Mr. Nuemann and Mr. Nickerson, and sets forth essentially the same constitutional claims as asserted in the 1996 complaint. In addition, the present complaint asserts two new claims: (1) that Mr. Lobe was "of counsel" in Mr. Shimko's firm and that DR 2-107(B) does not apply to "of counsel" relationships; and (2) that the individual defendants had engaged in an act constituting civil conspiracy against Mr. Shimko.
The defendants filed answers. In addition, Mr. Lobe filed a counterclaim against Mr. Shimko for abuse of process. Mr. Lobe averred that the re-filed complaint had asserted substantially the same claims, that such claims had already been decided, and that the re-filing was done intentionally, willfully and for an ulterior purpose. Mr. Lobe requested that the claims against him be dismissed and that he be awarded $100,000 in compensatory damages, $100,000 in punitive damages, attorney fees, costs and any other equitable relief.
The defendants filed various motions for summary judgment. Eventually, the trial court disposed of all claims asserted by Mr. Shimko except for the claim that DR 2-107(B) violated the right to a jury trial. On April 19, 2000, this matter was referred to a magistrate for a trial on the issue of whether DR 2-107(B) was reasonable, per this court's instructions in the previous appeal. A trial before the magistrate was conducted.
On September 13, 2000, the magistrate issued a decision containing findings of fact and conclusions of law. In essence, the magistrate concluded that DR 2-107(B) was a reasonable restriction on the practice of law and was constitutional.
Mr. Shimko filed objections to the magistrate's decision. Mr. Shimko also filed a motion for leave to amend the complaint to conform to the evidence. This motion was denied on June 15, 2001.
On August 13, 2001, the trial court rendered a decision, adopting the magistrate's decision in full, with one modification as to a finding of fact. On September 12, 2001, a judgment entry was journalized as to Mr. Shimko's objections to the magistrate's decision. In such journal entry, the trial court stated that for the reasons set forth in its August 13, 2001 decision, as well as for the reasons in the magistrate's decision, DR 2-107(B) was a reasonable restriction on the practice of law and was, therefore, constitutional. The trial court stated that Mr. Shimko's claims were without merit and entered judgment against Mr. Shimko with prejudice.
Mr. Shimko has filed a notice of appeal with this court, assigning the following as error:
 1. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO MR. SHIMKO'S CLAIM THAT DR 2-107(B) DENIED HIS RIGHT TO A TRIAL BY JURY[.]
 2. THE TRIAL COURT ERRED IN GRANTING DEFENDANT RICOTTA'S, NEUMANN'S, NICKERSON'S AND HOLLAND'S MOTION FOR SUMMARY JUDGMENT DISMISSING COUNT XI OF PLAINTIFF'S COMPLAINT[.]
 3. THE TRIAL COURT ERRED IN GRANTING DEFENDANT BAR ASSOCIATIONS' MOTION FOR SUMMARY JUDGMENT AS TO COUNTS II THROUGH VI AND VII THROUGH X OF THE COMPLAINT[.]
 4. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO CONFORM TO THE EVIDENCE AND/OR TO INTRODUCE ADDITIONAL EVIDENCE[.]
We do not reach the merits of Mr. Shimko's appeal because there is no final, appealable order. A final order must comply with Civ.R. 54(B). Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88. Civ.R. 54(B) states, in pertinent part:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * *, shall not terminate the action as to any of the claims * * *, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * *. [Emphasis added.]
See, also, General Acc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17, 20.
In the case at bar, the trial court never entered judgment on Mr. Lobe's counterclaim against Mr. Shimko for abuse of process. Indeed, in the September 13, 2000 magistrate's decision, the magistrate noted that Mr. Lobe's counterclaim remained pending. (Magistrate's decision at 5.) Neither the trial court's August 13, 2001 decision nor its September 12, 2001 judgment entry addressed Mr. Lobe's counterclaim. The September 12, 2001 judgment entry did not contain Civ.R. 54(B) language that there was no just reason for delay.
The fact that the September 12, 2001 judgment entry states that "this judgment is final" is immaterial. As Civ.R. 54(B) specifically states, there must be an express determination that there is no just reason for delay, and any order, however designated, that adjudicates fewer than all the claims does not terminate the action. Indeed, the use of the language "no just reason for delay" in an entry is mandatory under Civ.R. 54(B) and unless such words appear in an entry, the order is subject to modification and is neither final nor appealable. Bay W. Paper Corp. v. Schregardus (2000), 137 Ohio App.3d 685, 689, citing Noble v. Colwell (1989), 44 Ohio St.3d 92, 96. No such language appeared in the September 12, 2001 judgment entry and because fewer than all the claims were determined, there is no final, appealable order.
We note that this case does not present a situation where the effect of the September 12, 2001 judgment rendered moot the remaining claim (Mr. Lobe's counterclaim). See Cent. Ohio Transit Auth. v. Timson (1998),132 Ohio App.3d 41, 46, citing General Acc. Ins. Co., supra at 21.
Because there is no final, appealable order in the case at bar, we lack subject-matter jurisdiction over the matter. Subject-matter jurisdiction may be raised sua sponte by an appellate court and if the court lacks subject-matter jurisdiction due to the lack of a final order, the appeal must be dismissed. See Mogavero v. Lombardo (Sept. 25, 2001), Franklin App. No. 01AP-98, unreported. Accordingly, the instant appeal must be dismissed.
In summary, there is no final, appealable order and, therefore, this court lacks subject-matter jurisdiction over the matter. Accordingly, the instant appeal is dismissed. Appeal dismissed.
LAZARUS and BROWN, JJ., concur.