OPINION
{¶ 1} Plaintiff-appellant David Palmer [hereinafter appellant], acting pro se, appeals from the March 13, 2003, Judgment Entry of the Delaware County Court of Common Pleas which granted defendants-appellees David R. Pheils, Jr., Dale R. Crandall, Marshall Wisniewski and Pheils and Wisniewski's [hereinafter appellees] motion for summary judgment, in part.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The instant case arises out of a series of lawsuits between the appellant and the appellees. A brief review of the prior lawsuits between the parties is necessary to fully understand the issues before this Court.
 {¶ 3} Initially, appellees represented David Palmer's wife, OK Sun Palmer, following an automobile accident in Michigan in 1987. On January 27, 1988, appellees filed a complaint against appellant for attorney fees. In response, appellant filed counterclaims for fraud, conspiracy, defamation, and negligence.
 {¶ 4} On January 17, 1989, appellant filed a complaint against appellees. The Complaint alleged negligence, malpractice, and fraud relating to appellees' representation of appellant and appellees' claim for attorney fees.
 {¶ 5} On March 15, 1990, the above two cases were consolidated. On October 21, 1991, the parties entered into a release and settlement agreement. In the agreement, appellant agreed to release appellees "from any and all claims, demands, debts, damages, actions and causes of action, of whatever kind, whether known or unknown, or unanticipated, whether contingent or otherwise, that the [appellant] ever had, now ha[s], claims[s] to have, or hereinafter may have against [appellees], or by reason or any event, transaction, occurrence, representation, act or omission of any type whatsoever, occurring at any time prior or contemporaneous with the execution of the Release and Settlement Agreement, including but not limited to, any and all claims, demands, debts, damages, actions and causes of action of whatever kind, either asserted or which could have been asserted."
 {¶ 6} On November 6, 1991, appellant filed a complaint in Wood County Common Pleas Court against appellees. Appellant's complaint contained causes of action for defamation and invasion of privacy.
 {¶ 7} On January 6, 1992, appellees filed an Answer and Counterclaim to appellant's November 6, 1991, complaint. The counterclaim alleged a breach of the October 22, 1991, release and settlement agreement.
 {¶ 8} As a result, appellees initially received a judgment against appellant for $132,292.75. After continued litigation, the judgment was reduced to $67,762.00. Subsequently, the Sixth District Court of Appeals affirmed the judgment awarding appellees $67,762.00 in legal fees. SeePalmer v. David R. Pheils, Jr. and Assoc., Wood App. No. WD-01-010,2002-Ohio-3422; Palmer v. David R. Pheils, Jr. and Assoc. (Aug. 29, 1997), Wood App. No. WD-96-001.
 {¶ 9} In 1995, appellee David Pheils filed a complaint against appellant in the Lucas County Common Pleas Court for defamation, conspiracy and intentional infliction of serious emotional distress.[1]
Appellant filed counterclaims for, inter alia, malicious prosecution, fraud, extortion and defamation. The facts forming the basis of appellant's claims arose out of the attorney fee dispute. Appellant alleged in his counterclaim that appellees, inter alia, presented false and unlawful claims for fees, submitted perjured testimony, and threatened appellant in an attempt to collect their fees. On December 23, 1997, the trial court entered a directed verdict in appellees' favor regarding appellant's counterclaims and entered judgment in appellees' favor in the amount of $120,800.00 in compensatory damages and $120,000.00 in punitive damages. Nothing in the record demonstrates that this judgment was reversed or otherwise set aside.
 {¶ 10} On January 24, 1997, appellant filed a complaint in Lucas County against, inter alia, appellees. The complaint alleged that: (1) on November 28, 1995, appellees engaged in a scheme to maliciously prosecute appellant by putting forth false trial testimony of claims of lost income; (2) sometime prior to May of 1995, appellees engaged in a scheme to maliciously prosecute by filing a false criminal complaint; (3) in late 1995, appellees engaged in a scheme to threaten appellant in an attempt to extort money from him; (4) in late 1994, appellees engaged in a scheme to defraud appellant by filing false, fabricated, and unlawful claims for "pro se" attorney fees; (5) appellees engaged in a conspiratiorial scheme to threaten appellant in order to extort concessions; (6) in early 1993, appellees agreed to engage in an abuse of process by making false claims for pro se attorney fees to defend appellant's November 6, 1995, complaint in Wood County; (7) appellees engaged in a conspiratorial scheme to defame appellant by suborning the perjury of Wei Min Sheen at an October, 1995, deposition; (8) appellees breached the October 22, 1991, settlement agreement by refusing to abide by its terms as it related to the compensation that appellees agreed to pay appellant; and (9) appellees engaged in conduct to intentionally cause appellant great mental anguish. On September 12, 2000, appellant voluntarily dismissed the case.
 {¶ 11} On September 11, 2001, appellant re-filed his 1997 complaint in Delaware County. On January 16, 2002, appellant filed a second amended complaint against, inter alia, appellees. The complaint alleges, inter alia, as follows: (1) appellees conspired to put forth false trial testimony on November 29, 1995, in support of fabricated claims of lost contingent fee income in furtherance of a scheme to maliciously prosecute appellant; (2) appellees conspired to maliciously prosecute appellant by filing a false criminal stalking complaint on May 19, 1995, and by suborning perjury; (3) appellees engaged in a conspiracy to commit abuse of process by submitting false, fabricated and unlawful claims for pro se attorney fees; (4) on December 15, 1997, appellees conspired to collect an illegal debt as it related to their contingent fee claim; (5) prior to September 17, 1996, appellees conspired to defame appellant by suborning the perjured testimony of Wei Min Sheen in Sheen's October, 1995, deposition; appellees breached the October 22, 1991, Release and Settlement Agreement; (7) beginning in early 1998 and continuing through 2001, appellees conspired to engage in an abuse of process and/or malicious prosecution by attempting to collect an illegal debt in the amount of $4,000.00; (8) appellees conspired to engage in an abuse of process to collect an illegal debt by submitting false claims for court costs in Lucas County Common Pleas Court Case No. 88-0289; (9) on August 7, 1998, appellees conspired to commit an abuse of process by falsely claiming that they were entitled to $21,000.00 that was being held by the Lucas County Common Pleas Court; (10) in November of 1997, appellees conspired to engage in an abuse of process to collect an illegal debt based upon fraudulent claims for pro se attorney fees in excess of $25,000.00; (11) appellees conspired to engage in an abuse of process by submitting false, fraudulent, and fabricated claims for pro se attorney fees; and (12) appellees engaged in conduct aimed at intentionally causing appellant emotional distress.
 {¶ 12} On December 13, 2002, appellees filed a motion for summary judgment. On December 23, 2002, the plaintiff filed a memorandum in opposition, and on February 14, 2003, appellees filed a reply memorandum. By Judgment Entry filed March 13, 2003, the trial court granted appellees' motion, in part, and denied the motion, in part. The trial court included Civ.R. 54(B) language in its Entry.
 {¶ 13} Thus, it is from the March 13, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 14} "I. As To Count One Of The Complaint, The Trial [Sic] Erred In Granting Summary Judgment In Erroneously Concluding That A $70,000 Judgment Was Not Set Aside And/or Reversed In Favor Of Appellant And Thereby Incorrectly Found That No Disputed Fact Existed.
 {¶ 15} "II. As To Count Three Of The Complaint, The Trial Court Erred In Granting Summary Judgment In Erroneously Concluding That The Doctrine Of Res Judicata And Collateral Estoppel Precludes The Prosecution Of Appellant's Abuse Of Process Claim.
 {¶ 16} "III. As To Count Nine Of The Complaint, The Trial Court Erred In Granting Summary Judgment In Erroneously Concluding That The Doctrine Of Res Judicata And Collateral Estoppel Precluded The Prosecution Of Appellant's Abuse Of Process Claim.
 {¶ 17} "IV. As To Count Eleven Of The Complaint, The Trial Court Erred In Granting Summary Judgment In Erroneously Concluding That The Doctrine Of Res Judicata And Collateral Estoppel Precluded The Prosecution Of Appellant's Abuse Of Process Claim.
 {¶ 18} "V. As To Count Twelve Of The Complaint, The Trial Court Erred In Granting Summary Judgment In Erroneously Concluding That The Doctrine Of Collateral Estoppel Precluded The Prosecution Of Appellant's Abuse Of Process Claim.
 {¶ 19} "VI. As To Count Four Of The Complaint, The Trial Court Erred In Granting Summary Judgment In Erroneously Concluding That The Doctrine Of Collateral Estoppel Precluded The Prosecution Of Appellant's Abuse Of Process Claim.
 {¶ 20} "VII. As To Count Six Of The Complaint, The Trial Court Erred In Granting Summary Judgment In Erroneously Concluding That The Doctrine Of Absolute Privelege Precluded The Prosecution Of Appellant's Defamation Claim.
 {¶ 21} "VIII. As To Count Seven Of The Complaint, The Trial Court Erred In Granting Summary Judgment In Erroneously Concluding That The Doctrine Of Collateral Estoppel And The Alleged Payment Of Funds Precluded The Prosecution Of Appellant's Abuse Of Process Claim [Sic].
 {¶ 22} "IX. The Trial Court Abused Its Discretion And Erred In Considering New Defenses And/or Arguments In Support Of Appellees [sic] Motion For Summary Judgment That Were Not Contained In Their Original Motion For Summary [Sic] And Which Were Improperly Put Forth In Their Reply To Appellant's Memorandum In Opposition To Their Motion For Summary Judgment."
 {¶ 23} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
"(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 24} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 25} Prior to addressing the merits of appellant's assignments of error, it is first necessary to determine whether the judgment entry appealed from is final and appealable. If the judgment entry rendered by the trial court is not final and appealable, we do not have jurisdiction to hear the appeal. See Article 4, Section III, of the Ohio State Constitution; R.C. 2505.03(A). This matter involves multiple parties and claims. Civ.R. 54(B) provides that:
 {¶ 26} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just cause for delay. * * *"
 {¶ 27} To be final and appealable, an order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381. Civil Rule 54(B) states as follows:
 {¶ 28} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 29} However, the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order."Noble v. Colwell (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381. To be final and appealable, the judgment entry must also comply with R.C.2505.02. Revised Code 2505.02(B) states as follows:
 {¶ 30} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 31} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 32} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 33} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 34} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 35} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 36} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 37} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 38} Although the judgment entry at issue contained Civ.R. 54(B) language, the judgment entry is not final pursuant to R.C. 2505.02. The judgment entry at issue does not affect a substantial right in the action so that it in effect determines the action and prevents a judgment, R.C.2505.02(B)(1), nor comply with any of the other provisions of R.C.2505.02(B). Therefore, the judgment entry granting partial summary judgment for appellees is not a final and appealable order. As such, this court lacks jurisdiction to review it.
 {¶ 39} Accordingly, the appeal is dismissed.
[1] Lucas Case No. 95-1150.