OPINION JUDGMENT ENTRY
{¶ 1} Appellants Manuel and Judy Vela appeal the decision of the Court of Common Pleas, Licking County, which granted partial summary judgment in favor of Appellee, the State of Ohio, in an action by the Attorney General for restitution and to remove trustees/directors. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellants are the alleged directors of Symbiont NFP, Inc., a 501(c)(3) non-profit corporation, organized pursuant to R.C. Chapter 1702. It is certified by the State of Ohio as a private child placement agency under R.C. 5103.03.
 {¶ 3} The State filed an action against appellants and Symbiont on October 23, 2002, seeking appellants' removal as directors or trustees and the establishment of a constructive trust over the corporate assets. Appellants denied that Symbiont was a charitable trust, as alleged in the State's complaint. Both sides eventually filed motions for summary judgment. The State's motion for partial summary judgment sought a finding that Symbiont's assets were impressed with a charitable trust for the purposes set forth in the articles of incorporation.
 {¶ 4} On August 28, 2003, the court granted partial summary judgment in favor of the State, and denied appellants' motion for summary judgment. Appellants filed a notice of appeal on September 29, 2003. They herein raise the following sole Assignment of Error:
 {¶ 5} "I. The trial court erred by sustaining plaintiff's motion for partial summary judgment and overruling defendant's motion for summary judgment."
 {¶ 6} In their sole Assignment of Error, appellants contend the trial court erred in sustaining the State's motion for partial summary judgment and denying appellants' motion for summary judgment.
 {¶ 7} Prior to addressing the merits of appellants' Assignment of Error, it is first necessary to determine whether the judgment entry appealed from is a final appealable order. If the summary judgment entry rendered by the trial court is not final and appealable, we do not have jurisdiction to hear the appeal. See, e.g., Palmer v. Pheils, Delaware App. No. 03CAE04025, 2003-Ohio-6114, ¶ 25, citing Article IV, Section 3, Ohio State Constitution; R.C. 2505.03(A).
 {¶ 8} The State's complaint sought the following relief: (1) the removal of appellants as directors or trustees of Symbiont; (2) the imposition of a constructive trust over assets improperly transferred to appellants; and (3) restitution of all wrongfully retained funds to Symbiont. See Complaint, October 23, 2002, at 8. As the trial court correctly recognized, however, the only issue before the court in regard to summary judgment was the status of Symbiont as a charitable trust. Judgment Entry, August 28, 2003, at 2.
 {¶ 9} R.C. 2505.02 provides in part:
 {¶ 10} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 11} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 12} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * * [.]"[1]
 {¶ 13} R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Bay West Paper Corp. v.Schregardus (2000), 137 Ohio App.3d 685, 687, citing State exrel. Hughes v. Celeste (1993), 67 Ohio St.3d 429, 430. A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Id., citing R.C. 2505.02(A)(2).
 {¶ 14} R.C. 109.24 indicates that a complaint in the court of common pleas to quash a request by the Attorney General for the production of charitable trust records is a "special proceeding" under R.C. Chapter 2505. Assuming, arguendo, that the State's complaint in the case sub judice is also the commencement of a special proceeding (R.C. 2505.02(B)(2)), we do not find the grant of partial summary judgment "affects a substantial right" of Symbiont or appellants under the circumstances of this case. Here, the trial court has merely found Symbiont to be a charitable trust as a matter of law. Symbiont's status as a non-profit corporation and certified child-placement agency have not been altered, its corporate structure and by-laws remain status quo, and the State's claims of a breach of fiduciary duty and unjust enrichment and prayer for restitution remain to be litigated. On the other hand, assuming, arguendo, R.C.2505.02(B)(1) applies, we do not find the grant of partial summary judgment in this matter "in effect determines the action and prevents a judgment." Cf. Perkinson v. Merrill Lynch PierceFenner Smith (March 8, 2000), Summit App. No. CA 19377 (holding that a grant of partial summary judgment, which resulted in merely a partial adjudication of a malpractice claim, was not a final appealable order).
 {¶ 15} Appellants' sole Assignment of Error is therefore found premature, as we do not find the existence of a final appealable order under the circumstances of the case sub judice.
 {¶ 16} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby dismissed.
Wise, J., Hoffman, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Licking County, Ohio, is dismissed.
Costs to appellants.
[1] We find the remainder of R.C. 2505.02(B) inapplicable to the facts of this case. See, e.g., Tignor v. Franklin Cty. Bd.of Commrs. (Apr. 27, 2000), Franklin App. No. 99AP-571, citingBishop v. Dresser Industries. Inc. (Oct. 21, 1999), Marion App. No. 9-99-31 (concluding the consideration of a summary judgment motion is not a provisional remedy).