FALLANG, Appellant,

v.

CORMIER, Appellee.

[Cite as *Fallang v. Cormier* (1989), 63 Ohio App.3d 450.]

Court of Appeals of Ohio,
Butler County.

CA88–11–162.

Decided June 30, 1989.

*F. Joseph Schiavone Co., L.P.A.,* for appellant.

*Rendigs, Fry, Kiely & Dennis, Lawrence E. Barbiere and Wilson G. Weisenfelder, Jr.,* for appellee.

---

*Per Curiam.*

Plaintiff-appellant, David James Fallang, M.D., appeals a summary judgment granted to defendant-appellee, William J. Cormier, M.D., in appellant's defamation action.

Appellant was named as a defendant in a separate medical malpractice and wrongful death action filed in Butler County Court of Common Pleas. Counsel for plaintiffs in the malpractice action retained appellee to review medical records and offer opinions regarding appellant's care and treatment of the plaintiffs' decedent. On January 30, 1987, appellee's deposition was taken in the malpractice action. Prior to the deposition, appellee met with plaintiffs' counsel and the decedent's son and made several statements regarding appellant's standard of care which indicated that appellant committed malpractice. During the deposition, however, appellee did not offer any opinions on appellant's care and treatment of the decedent nor did appellee express his belief that appellant had committed malpractice.

On April 7, 1987, appellant was granted summary judgment in the underlying malpractice action as there were no genuine issues of material fact. On December 30, 1987, appellant filed his complaint against appellee, alleging that appellee made several defamatory statements to plaintiffs' counsel and decedent's son prior to his January 30 deposition.

Appellee filed a motion for summary judgment in the case at bar. Appellant filed a memorandum in opposition with supporting affidavits. On November 7, 1988, the trial court rendered a decision and judgment entry in which it found that appellee's pre-deposition statements to counsel and the decedent's son were protected by both absolute and qualified privileges and that appellee's statements were merely expressions of his opinions as to the quality of medical care appellant rendered to the decedent.

Appellant appeals the summary judgment granted to appellee and in a single assignment of error, asserts the following:

"The trial court erred, as a matter of law, in granting summary judgment in this action as there existed genuine issues of material fact and reasonable minds could come to differing conclusions, which conclusions may not be adverse to the nonmoving party and, as a matter of law, the moving party was not entitled to judgment pursuant to Rule 56(C) of the Ohio Rules of Civil Procedure."

Appellant takes the position that appellee's statements were not entitled to either an absolute or qualified privilege. In addition, appellant asserts that if a qualified privilege applies, there is a question of fact as to whether appellee's statements were made in good faith—a question which must be determined by the jury rather than the court.

"It is a well-established rule that * * * parties, and *witnesses are absolutely immune* from civil suits for defamatory *remarks made during and relevant to judicial proceedings.*" (Emphasis added.) *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 448, 449, 6 OBR 489, 490, 453 N.E.2d 693, 695. According to appellant, appellee's statements were not intimately associated with the judicial phase of proceedings and were not entitled to the protection of an absolute privilege since they were made prior to the deposition. Clearly, under the rule enunciated in *Willitzer,* had appellee's statements been made during the deposition, appellee would have been entitled to the privilege and absolute immunity.

The statements upon which appellant's defamation action is predicated were made before appellee's deposition and communicated to counsel and the party who retained appellee to testify as an expert witness. It is a question of *law* for the trial court to determine whether a statement alleged to be defamatory, should be accorded absolute privilege. *Surace v. Wuliger* (1986), 25 Ohio St.3d 229, 232, 234, 25 OBR 288, 291, 292, 495 N.E.2d 939, 942, 943. Appellee's statements were pertinent to his contemplated testimony in the malpractice and wrongful death action. Surely, it cannot be expected that parties, counsel and potential witnesses will not discuss pending litigation prior to actual judicial proceedings. Appellant's statements—which, if made during the deposition would have been absolutely privileged—were part of the quasi-judicial functions associated with the malpractice action. Accordingly, we agree with the trial court's assessment that the absolute privilege that applies to trial and deposition testimony likewise extends to communications involving pending litigation as between parties, counsel and potential witnesses.

Appellant also contends that summary judgment was improper since there was a genuine issue of fact as to whether the comments were entitled to immunity under a qualified privilege. A qualified or conditional privilege is present when a commonality of interest exists between the publisher and the

recipient of the communication and the communication is of a kind reasonably calculated to protect or further that interest. *Creps v. Waltz* (1982), 5 Ohio App.3d 213, 5 OBR 476, 450 N.E.2d 716. There was an obvious commonality of interest between appellee, as an expert witness, and the party and attorney on whose behalf appellee was to testify. Because of this corresponding interest, appellee's statements were also entitled to a qualified privilege. However, a qualified privilege protecting defamatory statements is exceeded when the statements were made with actual malice, that is, with knowledge that the statements were false or made with reckless disregard of whether or not they are false. *Id.* Our review of the record reveals no evidence which satisfies the standard of actual malice as defined above. Accordingly, the trial court was correct in granting summary judgment on the issue of a qualified privilege. *Id.*

Finally, appellant argues that summary judgment was improper since appellee's comments were expressed as statements of fact, not as opinions. The trial court determined, as a matter of law, that appellee's statements were opinions and privileged communications between himself, counsel and the plaintiffs. We agree. We note that "[t]he determination of whether an averred defamatory statement constitutes opinion or fact is a *question of law.*" (Emphasis added.) *Scott v. News–Herald* (1986), 25 Ohio St.3d 243, 250, 25 OBR 302, 308, 496 N.E.2d 699, 705. The trial court decided this question of law in appellee's favor and we concur in that decision.

In conclusion, appellee's statements were entitled to immunity under both absolute and qualified privileges. Accordingly, there was no genuine issue of material fact and the trial court correctly granted appellee's motion for summary judgment. The assignment of error is hereby overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.