OPINION
{¶ 1} Appellant David Palmer appeals from the decision of the Delaware County Court of Common Pleas, which granted summary judgment in favor of Appellees David R. Pheils, Jr., Dale R. Crandall, Marshall Wisniewski, and the law firm of Pheils 
Wisniewski, aka Crandall, Pheils Wisniewski, aka David R. Pheils, Jr. Associates. The relevant facts leading to this appeal are as follows.
 {¶ 2} The present appeal presents another development in protracted litigation between appellant and appellees. In 1987, appellees commenced representation of Appellant Palmer's wife, Ok Sun Palmer, following an automobile accident in Michigan. On January 27, 1988, appellees filed a complaint against appellant for attorney fees in the Lucas County Court of Common Pleas. In response, appellant filed counterclaims for fraud, conspiracy, defamation, and negligence. On January 17, 1989, appellant filed a complaint, also in Lucas County, against appellees, alleging negligence, malpractice, and fraud relating to appellees' claim for attorney fees and to appellees' representation of appellant and Ok Sun.
 {¶ 3} On March 15, 1990, the above two Lucas County cases were consolidated. On October 21, 1991, the parties entered into a release and settlement agreement.
 {¶ 4} On November 6, 1991, however, appellant filed a complaint in the Wood County Common Pleas Court against appellees. Appellant's complaint contained causes of action for defamation and invasion of privacy. On January 6, 1992, appellees filed an answer and counterclaim to appellant's November 6, 1991, complaint. The counterclaim alleged a breach of the October 22, 1991, release and settlement agreement. Thereafter, appellees initially received a judgment against appellant for $132,292.75. After continued litigation, the judgment was reduced to $67,762.00. Subsequently, the Sixth District Court of Appeals affirmed the judgment awarding appellees $67,762.00 in legal fees. See Palmer v. David R. Pheils, Jr. and Assoc., Wood App. No. WD-01-010, 2002-Ohio-3422; Palmer v. David R. Pheils, Jr.and Assoc. (Aug. 29, 1997), Wood App. No. WD-96-001.
 {¶ 5} In 1995, Appellee Pheils filed a complaint against appellant in the Lucas County Common Pleas Court (Lucas Case No. 95-1150) for defamation, conspiracy and intentional infliction of emotional distress. Appellant thereupon filed counterclaims for, inter alia, malicious prosecution, fraud, extortion and defamation. The facts forming the basis of appellant's claims arose out of the attorney fee dispute. Appellant alleged in his counterclaim that appellees, inter alia, presented false and unlawful claims for fees, submitted perjured testimony, and threatened appellant in an attempt to collect their fees. On December 23, 1997, the Lucas County court entered a directed verdict in appellees' favor regarding appellant's counterclaims and entered judgment in appellees' favor in the amount of $120,800.00 in compensatory damages and $120,000.00 in punitive damages. It does not appear that this judgment was subsequently reversed or otherwise set aside.
 {¶ 6} On January 24, 1997, appellant filed a complaint in Lucas County Common Pleas Court against, inter alia, appellees. The complaint alleged that: (1) on November 28, 1995, appellees engaged in a scheme to maliciously prosecute appellant by putting forth false trial testimony of claims of lost income; (2) sometime prior to May of 1995, appellees engaged in a scheme to maliciously prosecute by filing a false criminal complaint; (3) in late 1995, appellees engaged in a scheme to threaten appellant in an attempt to extort money from him; (4) in late 1994, appellees engaged in a scheme to defraud appellant by filing false, fabricated, and unlawful claims for "pro se" attorney fees; (5) appellees engaged in a conspiratorial scheme to threaten appellant in order to extort concessions; (6) in early 1993, appellees agreed to engage in an abuse of process by making false claims for pro se attorney fees to defend appellant's November 6, 1995, complaint in Wood County; (7) appellees engaged in a conspiratorial scheme to defame appellant by suborning the perjury of Wei Min Sheen at an October, 1995, deposition; (8) appellees breached the October 22, 1991, settlement agreement by refusing to abide by its terms as it related to the compensation that appellees agreed to pay appellant; and (9) appellees engaged in conduct to intentionally cause appellant great mental anguish. On September 12, 2000, appellant voluntarily dismissed the case.
 {¶ 7} On September 11, 2001, appellant re-filed his 1997 complaint in Delaware County. On January 16, 2002, appellant filed a second amended complaint against, inter alia, appellees. The complaint alleged, inter alia, as follows: (1) appellees conspired to put forth false trial testimony on November 29, 1995, in support of fabricated claims of lost contingent fee income in furtherance of a scheme to maliciously prosecute appellant; (2) appellees conspired to maliciously prosecute appellant by filing a false criminal stalking complaint on May 19, 1995, and by suborning perjury; (3) appellees engaged in a conspiracy to commit abuse of process by submitting false, fabricated and unlawful claims for pro se attorney fees; (4) on December 15, 1997, appellees conspired to collect an illegal debt as it related to their contingent fee claim; (5) prior to September 17, 1996, appellees conspired to defame appellant by suborning the perjured testimony of Wei Min Sheen in Sheen's October, 1995, deposition; (6) appellees breached the October 22, 1991, Release and Settlement Agreement; (7) beginning in early 1998 and continuing through 2001, appellees conspired to engage in an abuse of process and/or malicious prosecution by attempting to collect an illegal debt in the amount of $4,000.00; (8) appellees conspired to engage in an abuse of process to collect an illegal debt by submitting false claims for court costs in Lucas County Common Pleas Court Case No. 88-0289; (9) on August 7, 1998, appellees conspired to commit an abuse of process by falsely claiming that they were entitled to $21,000.00 that was being held by the Lucas County Common Pleas Court; (10) in November of 1997, appellees conspired to engage in an abuse of process to collect an illegal debt based upon fraudulent claims for pro se attorney fees in excess of $25,000.00; (11) appellees conspired to engage in an abuse of process by submitting false, fraudulent, and fabricated claims for pro se attorney fees; and (12), (13) appellees engaged in conduct aimed at intentionally causing appellant emotional distress.
 {¶ 8} On December 13, 2002, appellees filed a motion for summary judgment. On December 23, 2002, appellant filed a memorandum in opposition, and on February 14, 2003, appellees filed a reply memorandum. By Judgment Entry filed March 13, 2003, the trial court granted appellees' motion, in part, and denied the motion, in part.
 {¶ 9} Appellant appealed the March 13, 2003, judgment entry to this Court. We held that said judgment entry, granting partial summary judgment in favor of appellees, was not a final and appealable order. Accordingly, we dismissed the appeal. SeePalmer v. Pheils, et al., Delaware App. No. 03CAE04025, 2003-Ohio-6114.
 {¶ 10} Following remand, on May 25, 2004, the remaining claims of appellant against appellees proceeded to a jury trial. After appellant presented his evidence, appellees moved for a directed verdict on the remaining claims, which were as follows: (1) malicious prosecution stemming from a stalking compliant (Count 2); (2) abuse of process by appellees collecting as to Lucas County cases between 1998 and 2001 (Count 8); (3) intentional infliction of emotional distress (Count 10); and (4) the claim that all such acts were done in furtherance of a conspiracy (Count 13). The trial court issued a judgment entry on June 7, 2004, granting a directed verdict in favor of appellees as to all said remaining claims.
 {¶ 11} On July 7, 2004, appellant filed a notice of appeal, and herein raises the following nine Assignments of Error:
 {¶ 12} "I. As to count one of the complaint, the trial (sic) erred in granting summary judgment in erroneously concluding that a $70,000 judgment was not set aside and/or reversed in favor of appellant and thereby incorrectly found that no disputed fact existed.
 {¶ 13} "II. As to count three of the complaint, the trial court erred in granting summary judgment in erroneously concluding that the doctrine of res judicata and collateral estoppel precludes the prosecution of appellant's abuse of process claim.
 {¶ 14} "III. As to count nine of the complaint, the trial court erred in granting summary judgment in erroneously concluding that the doctrine of res judicata and collateral estoppel precluded the prosecution of appellant's abuse of process claim.
 {¶ 15} "IV. As to count eleven of the complaint, the trial court erred in granting summary judgment in erroneously concluding that the doctrine of res judicata and collateral estoppel precluded the prosecution of appellant's abuse of process claim.
 {¶ 16} "V. As to count twelve of the complaint, the trial court erred in granting summary judgment in erroneously concluding that the doctrine of collateral estoppel precluded the prosecution of appellant's abuse of process claim.
 {¶ 17} "VI. As to count four of the complaint, the trial court erred in granting summary judgment in erroneously concluding that the doctrine of collateral estoppel precluded the prosecution of appellant's abuse of process claim.
 {¶ 18} "VII. As to count six of the complaint, the trial court erred in granting summary judgment in erroneously concluding that the doctrine of absolute privelege (sic) precluded the prosecution of appellant's defamation claim.
 {¶ 19} "VIII. As to count seven of the complaint, the trial court erred in granting summary judgment in erroneously concluding that the doctrine of collateral estoppel and the alleged payment of funds precluded the prosecution of appellant's abuse of process claim.
 {¶ 20} "IX. The trial court abused its discretion and erred in considering new defenses and/or arguments in support of appellees motion for summary judgment that were not contained in their original motion for summary and which were improperly put forth in their reply to appellant's memorandum in opposition to their motion for summary judgment.
 {¶ 21} As an initial matter, we note this case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 22} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. * * *." This appeal shall be considered in accordance with the aforementioned rule.
 Summary Judgment Standard of Review {¶ 23} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 24} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264. We will address appellants' assigned errors pursuant to the aforesaid standard of review.
 I. {¶ 25} In his First Assignment of Error, appellant argues the trial court improperly granted summary judgment as to appellant's malicious prosecution claim, based on the court's allegedly erroneous conclusion that a $70,000 judgment against appellant was still valid. We disagree.
 {¶ 26} In order for an action to survive a motion for summary judgment on a malicious prosecution claim, there must be a genuine issue of material fact on the elements of that tort: (1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings. Moffitt v.Litteral, Montgomery App. No. 19154, 2002-Ohio-4973, citingYaklevich v. Kemp, Schaeffer Rowe Co., L.P.A.,68 Ohio St.3d 294, 1994-Ohio-503, 626 N.E.2d 115 (citations omitted).
 {¶ 27} In the case sub judice, assuming arguendo the trial court incorrectly found that appellees possessed a valid judgment for $70,000 (specifically, $68,530 in lost contingent fees), and that appellant had not provided documentary evidence that said judgment had been set aside or reversed, upon review of the record, we nonetheless conclude summary judgment was proper. Count 1 of appellant's amended complaint alleged that "[o]n or about November 28, 1995, Pheils, Crandall and Wisniewski conspired amongst themselves and with others as yet unknown to plaintiff to put forth false trial testimony on November 29, 1995 in support of claims of lost contingent fee income in furtherance of a scheme to maliciously prosecute plaintiff." The latest date mentioned in the remaining text of Count 1 is June 12, 1996. Hence, reasonable minds could only conclude that this claim was outside of the statute of limitations for malicious prosecution. See R.C. 2305.11.
 {¶ 28} Appellant's First Assignment of Error is therefore overruled.
 II., III., IV., V., VI., VIII. {¶ 29} In his Second, Third, Fourth, Fifth, Sixth, and Eighth Assignments of Error, appellant contends the trial court erred in granting summary judgment on certain claims, as further analyzed infra. We disagree.
 {¶ 30} Appellant cites error in the summary judgment rulings as to the following of his claims: (1) the allegation that appellees engaged in abuse of process by submitting false claims for pro se attorney fees in 1994, (2) the allegation that appellees engaged in abuse of process by submitting false claims for costs at some point prior to December 15, 1997, (3) the allegation that appellees engaged in abuse of process by seeking to collect a purportedly illegal debt in 1998, (4) the allegation that appellees engaged in abuse of process by submitting false claims for pro se attorney fees prior to 2000, (5) the allegation that appellees engaged in abuse of process by seeking to collect a purportedly illegal debt on or about December 15, 1997, and (6) the allegation that appellees engaged in a civil conspiracy to commit a breach of contract on or about October 22, 1991.
 {¶ 31} Appellees respond that they presented documentation to the trial court that the above claims were addressed in prior litigation involving the same parties, and thus were barred as res judicata.
 {¶ 32} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)."Grava v. Parkman Township (1995), 73 Ohio St.3d 379, 381
(citations omitted). Furthermore, "[i]t has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit'." NationalAmusement, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62
(citation omitted). Accordingly, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
 {¶ 33} Upon review of the record, we find res judicata applies to the claims at issue, and therefore summary judgment was properly granted in favor of appellees.
 {¶ 34} Appellant's Second, Third, Fourth, Fifth, Sixth, and Eighth Assignments of Error are therefore overruled.
 VII. {¶ 35} In his Seventh Assignment of Error, appellant contends the trial court erred in granting summary judgment as to his claim against appellees of conspiracy to defame him. We disagree.
 {¶ 36} "It is a well-established rule that * * * parties, and witnesses are absolutely immune from civil suits for defamatory remarks made during and relevant to judicial proceedings."Fallang v. Cormier (1989), 63 Ohio App.3d 450, 452, quotingWillitzer v. McCloud (1983), 6 Ohio St.3d 447, 448. In the case sub judice, appellant failed to establish a genuine issue as to the existence of an underlying tort giving rise to the cause of action at issue, as the statements that were alleged to form defamation were made during a 1995 deposition in pending litigation, and are therefore absolutely privileged.
 {¶ 37} Accordingly, summary judgment in favor of appellees was appropriate on this issue. Appellant's Seventh Assignment of Error is overruled.
 IX. {¶ 38} In his Ninth Assignment of Error, appellant proposes the trial court erred in accepting supposedly "new" defenses and arguments from appellees in their reply to appellant's memorandum contra the motion for summary judgment. Appellant cites no authority in support of this theory, which we conclude has no merit under Civ.R. 56. See, also, App.R. 16(A)(7).
 {¶ 39} Appellant's Ninth Assignment of Error is overruled.
 {¶ 40} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
Wise, J. Farmer, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Costs to appellant.